WALLACE, JUDGE:
On or about July 1, 1980, claimant and respondent entered into what was described as a “State and municipal lease agreement” whereby claimant rented to respondent four Savin Plain Paper Copiers. The agreement was for a term of 60 months, at a monthly rental of $740.59. These machines were installed at the West Virginia College of Graduate Studies, (COGS), in Institute, West Virginia. On June 17, 1981, respondent sent claimant an equipment rental addendum which claimant refused to sign. Claimant is a financing company, and by the terms of the lease agreement, provided no services to the machines. The addendum would have required claimant to maintain the copiers, and for that reason, the addendum was not signed. Respondent, thereafter, made no further rental payments and the claimant subsequently removed the machines. At that time, around April 1982, respondent made a final payment of $9,627.67. Respondent paid a total of $15,552.39, which is payment in full for the period during which respondent had possession of the copiers. Claimant now seeks $26,633.01 for the remaining period of the agreement. This amount excludes the $2,250.00 which claimant received on the sale of the copiers in question. Respondent contends that no further monies are due as the respondent has already paid for the use of the machines, and also alleges that the agreement was void under W.Va. Chapter 5A, governing the Department of Finance & Administration.
As the validity of this lease has been questioned, the Court must examine the terms of the agreement first in order to determine whether there is a valid agreement and, if so, whether respondent is liable to claimant. The Court notes that while this agreement is termed a lease, it is actually a lease-purchase contract. Paragraph 15 of the agreement provides respondent with the option to purchase the copiers at the end of the rental period. Hence, this contract is governed by the provisions of Chapter 5A of the W. Va. Code.
§ 5A-3-3(8) provides, in part, that:
“The director, under the direction and supervision of the commis *123 sioner, shall be the executive officer of the purchasing division and shall have the power and duty to:
(8) Examine the provisions and terms of every contract entered into for and on behalf of the State of West Virginia which imposes any obligation upon the State to pay any sums of money or perform any particular service or do any act or deed, and approve said contract as to said provisions and terms; ...”
§ 5A-3-15 states:
“Contracts shall be signed by the commissioner in the name of the State. They shall be approved as to form by the attorney general. A contract that requires more than six months for its fulfillment shall be filed with that state auditor.”
The contract in question was signed only by the director of financial affairs at COGS. No approval for the contract was sought or obtained from the Department of Finance & Administration as required by the Code. Hence, it imposes no obligation upon respondent. While the Court does not condone the actions of the respondent in entering into a void contract, it is noted that claimant has been paid for respondent’s actual use of the copiers. The claim for the remaining rent must, however, be denied.
Claim disallowed.